## JAMES B. STONE *vs.* WRIGHT WIRE COMPANY.

Suffolk. March 10, 1908. — June 16, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Contract,* Construction. *Net Profits. Partnership.*

In an action to recover for the alleged breach of a contract in writing between the plaintiff and the defendant, a corporation, by which the defendant was to furnish the capital for establishing and conducting the business of manufacturing and selling wire rope and the plaintiff was to furnish his skill and devote all his time to the business, and the "net profits" were to be shared equally between the plaintiff and the defendant, it appeared that the defendant before the making of the contract was engaged in manufacturing wire cloth and that the new business of manufacturing and selling wire rope was to be carried on as a separate department of the defendant's business to be known as the wire rope department, that the amount of capital to be furnished by the defendant was $50,000 and no interest was to be paid on that sum. The contract provided as follows: "The said capital to be represented by proper building or buildings suitable for making rope of various kinds and qualities from wire, with power and machinery sufficient to so manufacture such rope to the amount of $100,000 (present sales price) per annum, and by the amount of capital necessary to purchase or provide the wire necessary for the production of rope to the amount named per annum, meaning that the said party of the first part ·[the defendant] is to provide all that is necessary for the equipment and establishment of the wire rope business to the extent above specified, together with the proper facilities for carrying on the same and the same is to be provided as soon as practicable." Another provision of the contract was as follows: "In ascertaining the net earnings the cost or expenses of the business shall be made up the same as if this department were a separate company allowing for taxes on the capital employed and other charges as usual." In computing the "net earnings" to be shared with the plaintiff under the contract in a certain year the defendant charged against the gross earnings, a sum for depreciation of buildings and machinery, another for power furnished by it to the wire rope department, another for repairs, another for insurance, and another for a loss of finished product destroyed while in a warehouse "hired maintained and managed" by the wire rope department. The plaintiff objected to each of these charges, and rested his claim for damages upon his alleged right to have them disallowed. *Held,* that each of these charges was a proper deduction in computing the "net profits" to be shared equally by the plaintiff and the defendant under the contract, and that for this purpose it did not matter whether the contract created a partnership, as, if it did not, the plaintiff was to be paid for his services in "net profits" on the same basis as if the plaintiff and the defendant had been partners; that, in computing the net profits of a business, depreciation, repairs and loss of finished product are proper charges against gross earnings; that insurance was a "usual" charge of a business within the meaning of the provision of the contract above quoted, and that, without such provision, the deduction was a proper one, if the plaintiff did not object to the buildings and machinery furnished by the defend-

ant as capital being insured; and that the charge for "power" also was deducted properly, as the provision in the contract that the defendant should provide proper buildings "with power and machinery sufficient to so manufacture such rope" meant that the defendant should provide buildings equipped with power and not that the power should be furnished free of charge.

CONTRACT for the alleged breach of an agreement in writing, dated December 2, 1902, the material parts of which are described in the opinion.   Writ dated November 16, 1907.

In the Superior Court the case was submitted upon an agreed statement of facts to *Richardson,* J., who made an order that judgment *pro forma* be entered for the defendant.   Such a judgment was entered; and the plaintiff appealed.

*A. H. Russell,* for the plaintiff.

*C. M. Thayer,* for the defendant.

LORING, J.   The questions presented on this appeal grow out of a contract made between the defendant corporation, as the party of the first part, and the plaintiff together with one Waites, since deceased, as the parties of the second part.

This was a contract for the establishment and conducting of the business of manufacturing and selling wire rope.   The capital was to be furnished by the corporation (the party of the first part).   The parties of the second part were to furnish their skill and to devote all their time to the business.   The "net profits" were to be shared equally between the two.

It appears from the terms of the contract that before the making of it the defendant was a corporation engaged in manufacturing wire cloth, and the new business of manufacturing and selling wire rope was to be carried on as a separate department of the business of the corporation, to be known as the wire rope department.   The amount of capital to be furnished by the corporation was fixed by the contract at $50,000, if the sales of wire rope did not exceed $100,000 a year, and no interest was to be paid on that sum.   The contract contained this provision: "The said capital to be represented by proper building or buildings suitable for making rope of various kinds and qualities from wire, with power and machinery sufficient · to so manufacture such rope to the amount named per annum, meaning that the said party of the first part is to provide all that is necessary for the equipment and establishment of the wire rope

business to the extent above specified, together with the proper facilities for carrying on the same and the same is to be provided as soon as practicable."

In making up the joint account for the year ending August 31, 1907, the corporation charged against the gross earnings of the business a sum for depreciation of buildings and machinery, another for power furnished by it to the wire rope department, another for repairs, another for insurance, and a fifth for loss of finished product destroyed while in a warehouse "hired, maintained and managed" by the wire rope department. The plaintiff objected to each and all of these charges against the gross earnings, and this action was brought to test the right to make them. No question of the reasonableness of the amounts charged in the year in question is presented here. The only question now raised is the right of the defendant to make any charges against gross earnings of the character here in question.

On the right and propriety of making such charges against the gross earnings to ascertain the "net profits," there can be (in our opinion) no doubt. And it is not necessary to invoke the special provisions of the fifth article of the contract which provides that "in ascertaining the net earnings the cost or expenses of the business shall be made up the same as if this department were a separate company, allowing for taxes on the capital employed and other charges as usual."

Had all the capital been furnished in money in place of being "represented by proper building or buildings . . . with power and machinery, . . . and by the amount of capital necessary to purchase or provide the wire necessary for the production of rope to the amount named per annum," the propriety of these charges would have been plain.

So far as depreciation, repairs and loss of finished product are concerned, they are a proper charge against gross earnings, because there can be no "net profits" in a partnership until the capital is made good.

It is of no consequence here that the parties of the first and second parts were not (if they were not) technically partners. The parties of the second part were to receive for their services one half of the "net profits," and in ascertaining the net profits "taxes on the capital employed and other charges as usual"

were to be made. If the two parties to the contract were not partners, the plaintiff and his associate were to be paid for their services in "net profits" on the same basis as would have resulted had they been partners.

The contract before us is not like an agreement to farm land on shares, as urged by the plaintiff. That is an agreement to halve the gross earnings, not the "net profits."

Insurance is a "usual charge" of a business, and so it comes within article 5. Apart from that, if the plaintiff did not object to the buildings and machinery furnished by the defendant as capital being insured, he cannot object to it as a charge to be deducted from gross earnings to get the "net profits." If the buildings or machinery had not been insured and had been burned, the whole value would have been chargeable against gross earnings.

The remaining charge is that for power. The plaintiff contends that he is charged with power twice. His contention is that by the terms of the contract power is part of the $50,000 of capital represented by proper building or buildings, with power and machinery, and the defendant is paid for the use of the power used as it is paid for the use of the buildings, and that the power is charged for by the corporation a second time in the charges now made against gross earnings. But the provision as to "power" in the contract is not a provision that power shall be furnished as well as buildings. It is a part of the description of the buildings to be furnished, namely, buildings with power and machinery sufficient to manufacture wire rope to the amount of $100,000 a year. The exact wording of the article is: "The said capital to be represented by proper building or buildings suitable for making rope of various kinds and qualities from wire, with power and machinery sufficient to so manufacture such rope to the amount of $100,000 (present sales price) per annum." The defendant is no more precluded from charging for power furnished to operate the machinery than it would be if it furnished the employees for the same purpose.

*Judgment affirmed.*